IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH EMAIL ADDRESS FCOSOL34@YAHOO.COM, STORED BY OATH HOLDINGS, INC. (YAHOO!, INC.), AT 701 FIRST AVENUE, SUNNYVALE, CA 94087 | Case No. 1:18-mj-120<br><br>**APPLICATION FOR ORDER COMMANDING YAHOO!, INC., NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT**<br><br>**Filed Under Seal** |

The United States requests that this Court order Yahoo!, Inc., not to notify any person (including the subscribers and customers of the account(s) listed in the search warrant) of the existence of the attached search warrant until further order of the Court.

Yahoo!, Inc., is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). The United States obtained the attached search warrant, which requires Yahoo!, Inc., to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id.

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation, which is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to

flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. See 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the search warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Yahoo!, Inc., not to disclose the existence or content of the attached search warrant, except that Yahoo!, Inc., may disclose the attached search warrant to an attorney for Yahoo!, Inc., for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated this 20th day of April, 2018.

                                        CHRISTOPHER C. MYERS
                                        United States Attorney

By:    /s/ Jonathan J. O'Konek
        JONATHAN J. O'KONEK
        Assistant United States Attorney
        P. O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        N.D. Bar Board ID No. 06821
        Attorney for United States